IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HONORA HILLIER                                                    PLAINTIFF

vs.                                        CAUSE NO: A2401-08-251

USAA CASUALTY INSURANCE COMPANY                      DEFENDANT

### SUMMONS

TO:    USAA CASUALTY INSURANCE COMPANY
       Through its agent, CT Corporation System of Mississippi
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

       YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' Attorney,

Tina L. Nicholson, Merlin Law Group, P.A., whose address is Three Riverway, Suite 1375,

Houston, Texas, 77056, an answer to the complaint which is served on you with this summons,

within Thirty (30) days after service of this summons on you, exclusive of the day of service.  If

you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of

this Court within a reasonable period of time after service.


_Gayle Parker_
Clerk of Court

_[signature]_
Deputy Clerk

_8/21/08_
Date

**EXHIBIT**
_"A"_

## RETURN

**STATE OF MISSISSIPPI**

**COUNTY OF** _____

I served this Summons and Complaint on the _____ day of _____, 2008, by handing a true copy of the Summons and Complaint to _____.

I was unable to find _____ within _____, County. I served this Summons and Complaint on the _____ day of _____, 2008, at the residence of said _____, by handing a true copy of the Summons and Complaint to _____, who is the spouse or another person above the age of 16 in his/her family.

I was unable to find either _____ or his/her spouse or another person in his/her family above the age of 16.

_____, Sheriff
(of process server)

Fees of Sheriff_____  BY:_____, Deputy Sheriff

Process Server's Address_____

Telephone Number_____

**COPY**

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**F I L E D**

AUG 2 1 2008

GAYLE PARKER
CIRCUIT CLERK
By _____ D.C.

HONORA HILLIER                                                    **PLAINTIFF**

vs.                                        CAUSE NO: A2401-08-251

USAA CASUALTY INSURANCE COMPANY                        **DEFENDANT**

## COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, HONORA HILLIER, by and through undersigned counsel, and files this Complaint against Defendant, USAA CASUALTY INSURANCE COMPANY, and in support thereof states the following:

**I.**

**PARTIES**

1.      At all times material hereto, Plaintiff was a Mississippi resident owning property located at 551 E. Scenic Dr., Pass Christian, Mississippi 39571-4510.  Plaintiff is currently a resident of New Mexico, residing at 3881 Old Santa Fe Trail, Santa Fe, New Mexico  87505.

2.      USAA Casualty Insurance Company ("USAA") is a Mississippi insurance corporation duly authorized to conduct the business of insurance in the State of Mississippi, and was and is engaged in the business of insurance in Harrison County, Mississippi and throughout the State of Mississippi. USAA may be served with process upon its agent, CT Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi  39232.

## II.

### SUBJECT MATTER AND PERSONAL JURISDICTION

3.      This Court has jurisdiction over the subject matter and Defendant in this case pursuant to the applicable statutes or laws of the State of Mississippi.

## III

### VENUE

4.      Venue in this cause is proper in this Court since a significant portion of the activities giving rise to the claim occurred in Harrison County, Mississippi and the property which is the subject of the claim is located in Harrison County, Mississippi.

## IV.

### FACTS

5.      On August 29, 2005, Plaintiff had a property insurance policy with USAA.

6.      The policy was active and in full effect on August 29, 2005.

7.      This policy included coverage for loss proximately and efficiently cause by hurricane winds.

8.      On August 29, 2005, within the subject policy period, Plaintiff's insured property was significantly damaged and destroyed by Hurricane Katrina, a Category (4) Hurricane with wind gusts in excess of 140 miles per hour.  The area where the insured property was located also sustained tornadoes, microbursts, mesocyclones, and other convective activity.

9.      The loss to the insured property was proximately and efficiently caused by hurricane wind, tornados, microbursts, mesocyclones, and/or convective activity, thereby triggering full coverage for all of Plaintiff's hurricane losses.  Damage to the property was

additionally caused by objects blown by the wind and/or falling trees or other objects, all of which were covered perils under the subject policy.

10.    Plaintiff's insured property was further damaged by rain which entered the buildings through openings caused by the hurricane winds.

11.    Almost immediately after the storm, and in accordance with the subject policy provisions, Plaintiff notified USAA of the loss and established a claim for an insured loss.

12.    However, USAA failed to fairly, adequately, and sufficiently investigate or adjust Plaintiff's loss.

13.    USAA failed to fully pay Plaintiff for the damage to her insured property. USAA has breached its insurance contract with Plaintiff and owes Plaintiff contractual and consequential damages as a result of that breach.

14.    USAA denied Plaintiff's claim even though USAA failed as a matter of Mississippi law to: (1) sufficiently investigate the loss; (2) establish by a preponderance of the evidence at the time of the denial that Plaintiff's loss was proximately and efficiently caused by an excluded peril as defined in the exclusion; (3) establish by a preponderance of the evidence at the time of the denial the amount of Plaintiff's loss caused by defective construction or maintenance; and/or (4) pay Plaintiff for the amount of the loss that it could not prove by a preponderance of the evidence was caused by excluded perils. USAA's failure to pay Plaintiff all insurance proceeds promptly upon completion of its alleged investigation is without legitimate or arguable reason in fact or law.

15.    USAA's investigation, adjustment, and denial of Plaintiff's claim were negligent, grossly negligent and reckless. USAA's denial of coverage for Plaintiff's total loss breached the

subject contract of insurance.  Such conduct also constitutes bad faith and tortious breach of contract and breach of the duty of good faith and fair dealing.

**V.**

**COUNT ONE:**

**NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS DISREGARD FOR RIGHTS OF PLAINTIFF**

16.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

17.    USAA had a duty under Mississippi law to fully, fairly, adequately and correctly investigate and adjust Plaintiff's claims for hurricane damage.

18.    USAA breached this duty by failing to adequately investigate and adjust Plaintiff's claims for hurricane damage.

19.    USAA breached its duty by denying Plaintiff's claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that Plaintiff's loss was proximately and efficiently caused by  a non-covered peril or a peril excluded by the policy.

20.    USAA breached its duty by denying Plaintiff's claim without meeting its affirmative burden of establishing at the time of the denial by a preponderance of the evidence which part of Plaintiff's loss was caused by an excluded peril.

21.    Similarly, USAA breached its duty by failing to pay Plaintiff for the damage it could not prove by a preponderance of the evidence was caused by an excluded peril.

22.    USAA breached its duty by shifting to Plaintiff the burden of proving that her loss was not excluded by the policy.

23.    USAA breached its duty by dispatching an adjuster to investigate, adjust, and deny Plaintiff's loss who did not have the qualifications or training to determine the cause of the Plaintiff's loss.

24.    USAA breached its duty by failing to properly train its adjuster on how to investigate and adjust Plaintiff's loss.

25.    USAA breached its duty by basing its denial of Plaintiff's claims for hurricane damage on the investigation and adjustment of an unqualified adjuster.

26.    USAA breached its duty by failing to adequately inspect, investigate or adjust the insured property prior to denying the claim.

27.    USAA breached its duty by failing to conduct a complete, adequate, full, fair, and adequate investigation and adjustment of Plaintiff's claim for damage under the policy.

28.    USAA breached its duty by failing to credit the statements from eyewitnesses in investigating and adjusting Plaintiff's claim.

29.    USAA breached its duty by failing to utilize an objective meteorologist or structural engineer to determine the cause of Plaintiff's loss prior to denying the claim.

30.    USAA breached its duty by attempting to characterize storm damage as pre-existing defects.

31.    USAA breached its duty by denying Plaintiff's claims without knowing what caused the loss or undertaking a reasonable effort to find out.

32.    Such conduct as alleged above constitutes negligence, gross negligence, and/or reckless disregard for Plaintiff's rights as a USAA insured.

## COUNT TWO:

### BREACH OF CONTRACT AGAINST USAA

33.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

34.    Plaintiff entered into an insurance contract with USAA in which Plaintiff contracted for, purchased, and was entitled to receive full insurance coverage under the subject policy for all direct physical loss to the insured property.

35.    Plaintiff suffered a direct physical loss under the subject policy.

36.    Plaintiff satisfied her obligations under the subject policy by submitting a claim showing that she sustained a direct physical loss to her insured property.  However, USAA breached the subject policy by unjustifiably denying insurance coverage for Plaintiff's insured loss.

37.    USAA breached the subject policy by denying Plaintiff's claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that Plaintiff's direct loss was proximately and efficiently caused by a non-covered peril or a peril excluded from coverage in the insurance policy.

38.    USAA breached the subject policy by shifting to Plaintiff the burden of proving that the loss was not excluded by the policy.

39.    USAA breached the subject policy by failing to conclusively and objectively determine the proximate and efficient cause of loss.

40.    USAA breached the subject policy by basing its denial of Plaintiff's claims on a nonobjective and scientifically unreliable engineering report.

41.    USAA breached the subject policy by negligently, grossly negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiff's claims for hurricane damage under the policy.

42.    USAA breached the subject policy by basing its denial of Plaintiff's claim for hurricane damage on an inadequate investigation, inspection and adjustment of Plaintiff's loss.

43.    USAA breached the subject policy by basing its denial of Plaintiff's claims for hurricane damage on the investigation and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

45.    USAA breached the subject policy by failing to utilize an objective engineer or other expert to determine the proximate cause of the loss prior to denying Plaintiff's claims for hurricane damage.

46.    USAA breached the subject policy by failing to construe the policy in favor of coverage for Plaintiff's insured loss.

47.    USAA's breaches of contract have proximately caused Plaintiff to incur contractual and consequential damages.

## COUNT THREE:

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST USAA

48.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint

49.    USAA breached its duty of good faith and fair dealing by unjustifiably denying the insurance coverage for Plaintiff's insured loss.

50.    USAA breached its duty of good faith and fair dealing by denying Plaintiff's claim without meeting its affirmative burden of proving at the time of the denial by a

preponderance of the evidence that the direct physical loss to Plaintiff's insured property was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

51.    USAA breached its duty of good faith and fair dealing by shifting to Plaintiff the burden of proving that her loss was not excluded by the policy.

52.    USAA breached its duty of good faith and fair dealing by failing to conclusively and objectively determine the proximate and efficient cause of the loss prior to its denial of Plaintiff's claims for damage.

53.    USAA breached its duty of good faith and fair dealing by denying Plaintiff's claims for hurricane damage without being able to conclusively and objectively determine the proximate and efficient cause of the loss.

54.    USAA breached its duty of good faith and fair dealing by basing its denial of Plaintiff's claims on a nonobjective and scientifically unreliable engineering report and/or failing to obtain objective and scientifically reliable reports from engineers and other experts.

55.    USAA breached its duty of good faith and fair dealing by basing its denial of Plaintiff's claim on an engineering report that was speculative, inconsistent and inconclusive.

56.    USAA breached its duty of good faith and fair dealing by denying Plaintiff's claims for hurricane damage despite the overwhelming evidence from the insured property, surrounding area and eyewitnesses that the loss was caused by hurricane wind, tornadoes, microbursts, and/or mesocyclones.

57.    USAA breached its duty of good faith and fair dealing by negligently, gross negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiff's claims for hurricane damage prior to denying such claims.

58.    USAA breached its duty of good faith and fair dealing by denying Plaintiff's claims for hurricane damage without conducting an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiff's claims for hurricane damage under the policy.

59.    USAA breached its duty of good faith and fair dealing by basing its denial of Plaintiff's claim for hurricane damage on an inadequate investigation, inspection, and adjustment of Plaintiff's loss.

60.    USAA breached its duty of good faith and fair dealing by basing its denial of Plaintiff's claims for hurricane damage on the investigation, inspection and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

61.    USAA breached its duty of good faith and fair dealing by failing to utilize an objective meteorologist, engineer or other qualified expert to determine the proximate cause of the loss prior to denying Plaintiff's claims for hurricane damage.

62.    USAA breached its duty of good faith and fair dealing by failing to construe the policy in favor of coverage for Plaintiff

63.    Such conduct by USAA violates the standards of decency, fairness and reasonableness.

64.    USAA's breaches of its duty of good faith and fair dealing have proximately caused Plaintiff to incur damages.

## COUNT FOUR:

### BAD FAITH AND TORTIOUS BREACH OF CONTRACT

65.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

66.    USAA tortiously, maliciously and in bad faith breached the subject policy by refusing to provide full insurance coverage under the subject policy for Plaintiff's hurricane losses without a legitimate or arguable reason in fact or law.

67.    USAA tortiously, maliciously and in bad faith breached the subject policy by denying Plaintiff's claim without meeting its affirmative burden of proving at the time of the denial by a preponderance of the evidence that the direct physical loss to Plaintiff's insured property was proximately and efficiently caused by a non-covered peril or a peril excluded by the policy.

68.    USAA tortiously, maliciously and in bad faith breached the subject policy by shifting to Plaintiff the burden of proving that the loss was _not_ excluded by the policy.

69.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiff's claims for hurricane damages without being able to meet its burden of proving by a preponderance of the evidence that Plaintiff's loss was not caused by a covered hurricane wind, tornado, microburst, mesocyclone, or other convective activity.

70.    USAA tortiously, maliciously and in bad faith without legitimate or arguable reason breached the subject policy by failing to conclusively and objectively determine the proximate and efficient cause of the loss prior to its denial of Plaintiff's claims for hurricane damage.

71.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiff's claims for hurricane damage without being able to conclusively and objectively determine the proximate and efficient cause of the loss.

72.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by basing its denial of Plaintiff's claims on a nonobjective and scientifically unreliable engineering report.

73.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiff's claims for hurricane damage despite the overwhelming evidence from the insured property, surrounding area, and eyewitnesses that the loss was caused by hurricane wind, tornadoes, microbursts, and/or mesocyclones.

74.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by negligently, gross negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment and investigation of Plaintiff's claims for hurricane damage prior to denying such claims.

75.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by denying Plaintiff's claims for hurricane damage without conducting an adequate proper, honest, and good faith inspection, adjustment and investigation of Plaintiff's claims for hurricane damage under the policy.

76.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by basing its denial of Plaintiff's claim for hurricane damage on an inadequate investigation, inspection, and adjustment of Plaintiff's loss.

77.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by basing its denial of Plaintiff's claims for hurricane damage on the inspection, investigation, and adjustment of an adjuster who was unqualified to determine the proximate cause of the loss.

78.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by failing to utilize an objective meteorologist, engineer or other qualified expert to determine the proximate cause of the loss prior to denying Plaintiff's claims for hurricane damage.

79.    USAA tortiously, maliciously and in bad faith without a legitimate or arguable reason breached the subject policy by failing to construe the policy in favor of coverage of Plaintiff's insured loss.

80.    USAA tortiously, maliciously and in bad faith committed breaches of contract which have proximately caused Plaintiff to incur damages.

81.    USAA's acts and conduct as alleged above were willful, wanton, malicious, grossly negligent, and done with reckless disregard for the rights of Plaintiff, thereby arising to the level of an independent tort and entitling Plaintiff to an award of Punitive Damages.

## COUNT FIVE:

### WAIVER & ESTOPPEL

82.    Plaintiff hereby incorporates and adopt by references each and every allegation set forth in all foregoing Paragraphs of the Complaint.

83.    USAA had the obligation and duty to establish what, if any, part of the total loss fell under the terms of its exclusion. By declaring its burden of proof irrelevant and intentionally abandoning its burden of establishing what, if any, part of the loss was excluded and thereby shifting its burden of proof to Plaintiff, USAA waived its right to exclude any part of the loss.

84.    USAA denied Plaintiff's claims for hurricane damage based on speculative, inconclusive, inconsistent, scientifically invalid and non-objective engineering reports, and/or denied the claims without obtaining objective reports from qualified experts.  USAA has

therefore waived the right to utilize and/or rely on a new or different engineer, meteorologist or other expert now to "clean up" or legitimize the basis for the denial after the fact, and should be estopped from doing so now.

85.    USAA's conduct and denial constitutes a waiver of its right to now inspect the insured property, reinvestigate the cause of loss, or utilize engineering and/or meteorologist experts to do what should have been done prior to the denial.  USAA therefore waived its right to make any causal determination of the loss now that the matter is in litigation, and should be estopped from being able to conduct any kind of post-denial investigation, inspection of the insured property, or utilizing new or different litigation experts to now determine the cause of the loss and "clean up" its adjustment process.  USAA should further be estopped from using litigation experts to now determine the cause of loss and justify its invalid denial.

## COUNT SIX:

### NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.    Plaintiff hereby incorporates and adopt by reference each and every allegation set forth in all foregoing paragraphs of the Complaint.

87.    The conduct and omissions of USAA as alleged above constitutes negligent and/or infliction of emotional distress on Plaintiff.

88.    USAA's bad faith adjustment and denial of Plaintiff's claims for damage caused by Hurricane Katrina as set forth above, and its treatment of Plaintiff through the claims process was outrageous, repulsive, malicious, intentional, unjustified, willful, wanton, reckless, grossly negligent, and done with gross indifference to and reckless disregard for Plaintiff's rights.

89.    Plaintiff has suffered mental and emotional pain, suffering, and financial injury as a proximate and foreseeable result of USAA's bad faith adjustment and denial and treatment of

Plaintiff through the claims process. Plaintiff has also suffered physical manifestations and injuries resulting from or caused by the emotional distress proximately caused by USAA's adjustment, denial and conduct.

## VI.

### REMEDIES

90.    Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in all foregoing Paragraphs of the Complaint.

91.    Plaintiff respectfully demands a trial by jury on all issues so triable.

92.    As a direct and proximate result of USAA's negligence, gross negligence, reckless disregard for Plaintiff's rights as an USAA insured, breach of contract, breach of duty of good faith and fair dealing, bad faith and tortious breach of contract without a legitimate or arguable reason in fact or law, Plaintiff is entitled to the following relief:

(A)    Payment for all contractual benefits for all coverages afforded to Plaintiff under the subject USAA policy for damage to Plaintiff's insured property caused by Hurricane Katrina, with interest on all amounts due Plaintiff under its policy;

(B)    Prejudgment interest on the amounts owing to Plaintiff in contractual or policy benefits with interest, retroactive to August 29, 2005;

(C)    Consequential damages on its contract claims, including but not limited to the amounts Plaintiff expended or lost in trying to repair/replace her insured property without proper insurance benefits since August 29, 2005;

(D)    Compensatory damages for emotional distress and physical injury;

(E)    Attorney fees and costs of litigation for intentional acts committed by USAA;

(F)     Extra-contractual damages for USAA's tortious, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct, which arose to the level of an independent tort, including but not limited to, compensatory damages for all expenses incurred by reason of USAA's refusal to pay contractual benefits;

(G)     Punitive and exemplary damages for USAA's tortious, malicious, willful, wanton, reckless, grossly negligent, and bad faith conduct which rose to the level of an independent tort, including but not limited to, an award of punitive damages sufficient to punish and deter USAA, make an example of the Defendant insurance company to discourage other insurers from engaging in such misconduct, taking into account USAA's financial condition, all in an amount sufficient to achieve the public purposes underlying an award of punitive damages as may be determined by the Court and/or jury; and

(H)     An Order estopping USAA from now inspecting the insured property or retaining new or different experts to retroactively justify its conduct.

93.     Plaintiff respectfully requests such further general or specific relief to which she is entitled at law or in equity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands that this Court enter its Judgment against Defendant for compensatory damages in the amount of $2,500,000.00 with pre- and post-judgment interest; punitive damages in an amount to be determined by this Court; and attorney fees and costs of litigation. Plaintiff further demands whatever further or additional relief this Court deems just or equitable.

Respectfully Submitted, this the __18th__ day of August, 2008.

HONORA HILLIER, PLAINTIFF

By: _____

TINA L. NICHOLSON,
MSB#99643
MERLIN LAW GROUP, PA
Three Riverway, Suite 1375
Houston, TX 77056
Telephone:  (713) 626-8880
Facsimile:  (713) 626-8881
tnicholson@merlinlawgroup.com

Arrow  Page 1 of 1

FROM: Joanie Sours (601)936-7400
Mississippi CT Reps
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

TO:   **Enterprise Litigation (210)498-5703**
**USAA Casualty Insurance Company**
**9800 Fredericksburg Road, E-3-E**

FedEx Revenue Barcode

CAD#: 8279845
SHIP DATE: 04SEP08
WEIGHT: 1 LB

**San Antonio, TX 78288**
Ref: SOP/0612800/513819652/Joanie Sours



DELIVERY ADDRESS (FedEx-EDR)          ** 2DAY **          **MON**
A1
TRK # 7985 0541 8474     FORM                    SAT       Deliver by:
                         0201                              08SEP08

78288  -TX-US                 **SE SATA**



CLS063008

ARROW                                                                      Page 1 of 1

## FedEx Packing Slip

| | |
|---|---|
| Package # : | 5702112463 |
| Created By : | Joanie Sours |
| Created On : | 09/04/2008 10:39 AM |
| FedEx Tracking # : | 798505418474 |
| Recipient : | |

**Enterprise Litigation**

Title : --
Customer : USAA Casualty Insurance Company
Address : 9800 Fredericksburg Road, E-3-E, San Antonio, TX - 78288-5038
Email : noemail@wolterskluwer.com
Phone : 210-498-5703          Fax : 877-637-1717

| | |
|---|---|
| FedEx Account : | 104191860 |
| Shipment Type : | FedEx 2Day |
| PackageType : | Envelope |

| Log # | Case # | Entity Name | Assigned To |
|---|---|---|---|
| 513819652 | A2401-08-251 | USAA Casualty Insurance Company | Joanie Sours |

Pull to open

SEP 05 2008

613 A  8474
09.05

# FedEx
Express

## Extremely Urgent

## Envelope

### What is the weight limit for the FedEx Envelope rate?
Eight ounces — including the FedEx Envelope, airbill, and contents, up to approximately thirty 8½" x 11" pages). If it exceeds the gross weight limit, other rates apply.

### What can be shipped in the FedEx Envelope?
This envelope is designed for documents. Contents should be compatible with the container and packed securely to help assure safe transportation with ordinary care in handling. Shipments within the U.S. with a value greater than US$500 should not be shipped in this envelope. International shipments with a value in excess of US$100 for carriage or customs should not be shipped in this envelope. Do not send cash, cash equivalent or other prohibited items. This envelope is for FedEx Express shipments only. Any other use is prohibited.

### What is the FedEx limit of liability?
**For shipments within the U.S.,** FedEx liability is limited to US$100 for loss, damage, delay, misdelivery or nondelivery unless you declare a higher value and pay an extra charge. The maximum declared value *for the contents of this envelope is US$500.* See the current FedEx Service Guide or the FedEx® US Airbill for details.

**For international shipments,** FedEx liability is limited to US$100 for damage, delay or loss of shipments by surface or air and may be further limited by certain treaties, including the Warsaw Convention, typically to US$9.07 per pound. See the current FedEx Service Guide or the FedEx® International Air Waybill for details.

### Want more information?
Go to **fedex.com**, or call 1.800.GoFedEx 1.800.463.3339 for U.S. domestic shipments. 1.800.247.4747 for international shipments. Call your local FedEx office if you are outside the U.S.

© 2005 FedEx 156478 REV 9/05 RT

Pull to open

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/04/2008
CT Log Number 513819652

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:**     Enterprise Litigation
           USAA Casualty Insurance Company
           9800 Fredericksburg Road, E-3-E
           San Antonio, TX 78288-5038

**RE:**     **Process Served in Mississippi**

**FOR:**    USAA Casualty Insurance Company (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Honora Hillier, Pltf. vs. USAA Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Return Form, Complaint |
| **COURT/AGENCY:** | Harrison County Circuit Court, First Judicial, MS<br>Case # A2401-08-251 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for damages sustained by Hurricane Katrina. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/04/2008 at 10:19 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Tina L. Nicholson<br>Merlin Law Group, P.A.<br>Three Riverway, Suite 1375<br>Houston, TX 77056<br>713-626-8880 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed.Ex 2 Day , 798505418474 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232 |
| **TELEPHONE:** | 601-936-7400 |

Method Rec'd by: _Ted Erf_

Date: _9-5-08_

Del'd to: _Linda Allen_

Dept: _Bus Mgr_

Date: _9-8-08_

Page 1 of 1 / JS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.