IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HONORA HILLIER**                                                                                  **PLAINTIFF**

**VS**                                                                          **CAUSE NO. 1:08 CV 671LG-RHW**

**USAA CASUALTY INSURANCE COMPANY**                                   **DEFENDANT**

### PLAINTIFF'S MOTION TO EXCLUDE
### THE TESTIMONY OF RALPH KEAN JENNER, III, USAA'S EXPERT

COMES NOW the Plaintiff, Honora Hillier and moves to exclude the testimony at trial of Ralph Kean Jenner, III, an expert designated by the Defendant, USAA Casualty Insurance Company ("USAA"). Jenner is expected to testify at trial about the cause of the destruction of the Hillier residence during Hurricane Katrina.

### Jenner Should Be Excluded as a Witness Because the Giving of His Testimony Would Itself Constitute a Crime.

Jenner is not licensed to practice engineering Mississippi and state law bars him from offering engineering opinions at trial. Jenner cannot offer testimony at trial about engineering at trial since he would be committing a crime by doing so. A court cannot countenance or condone the commission of a crime in its courtroom.

Jenner is not licensed to practice engineering in the state of Mississippi. The practice of engineering in Mississippi includes any consultation requiring special knowledge of the mathematical, physical or engineering sciences insofar as it involves safeguarding life, health or property. Miss. Code Ann. § 73-13-3. That includes offering expert technical testimony. Id.

The "practice of engineering" specifically includes forensic engineering services and services for the purposes of determining causes of failures. Exhibit A, Rule 2.04, Mississippi Board of Licensure for Professional Engineers and Surveyors Rules and Regulations. The Board provides a limited licensure for the purpose of giving testimony regarding engineering issues. Id., Rule 4.05. USAA's own Mississippi engineer, Lori Cox, testified that giving testimony about the cause of hurricane damage to structures is the practice of engineering. Exhibit B, Dep. of Lori Cox at 39.

It is a crime for a person not licensed as an engineer in the state of Mississippi to practice engineering without a license. Miss. Code Ann. § 73-13-39. Accordingly, it is a crime under Mississippi law for a non-licensed engineer to offer testimony regarding forensic services or the causes of failures.

Jenner testified that he is not licensed as an engineer in the state of Mississippi. Exhibit C, Deposition of Ralph Kean Jenner, III at 5-6. It is a crime under the laws of Mississippi for Jenner to testify on engineering matters if he is not licensed to do so. Accordingly, Mississippi law prohibits Jenner from testifying on engineering issues in the state of Mississippi.

The Court should refuse to allow Jenner to enter the court for the express purpose of committing a crime in it, any more than a non-lawyer would be allowed to practice law in a court, or a witness would be allowed to commit perjury. Such conduct is improper in a court of law and shows contempt for the legal process. Jenner should not be allowed to commit a criminal act under the laws of Mississippi by giving expert testimony about engineering issues in this case.

USAA has designated five persons to testify as engineering experts in this case --- Lori Cox; Michael Hummel; Ralph Kean Jenner, III; David Teasdale; and Donald Slinn. Of those five, only two --- Cox and Teasdale --- are licensed in Mississippi and can lawfully testify about engineering issues. Two engineers are sufficient to testify as to the cause of the damage to the Hillier home. The testimony of five engineering experts would be cumulative and confusing. It will cause no prejudice to USAA for the court to exclude the engineering experts who would be committing a crime in this state merely by taking the witness stand.

Based on the foregoing, Plaintiff respectfully requests that this Court entirely exclude Jenner as an expert witness at the trial of this cause.

DATED: November 3, 2009

                HONORA HILLIER
                Plaintiff

        BY: _/s/ Tina L. Nicholson_____
                TINA L. NICHOLSON, MSB#99643

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document has been filed with the CM/ECF system which will furnish a true and correct copy to all counsel of record in this case.

This the 3rd day of November, 2009.

<u>/s/ Tina L. Nicholson</u>
TINA L. NICHOLSON, MSB #99643

MERLIN LAW GROUP, P.A.
Three Riverway, Suite 1375
Houston, TX 77056
Tel: (713) 626-8880
Fax:   (713) 626-8881
<u>tnicholson@merlinlawgroup.com</u>