IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

HONORA HILLIER                                                                PLAINTIFF

VS                                                          CAUSE NO. 1:08 CV 671LG-RHW

USAA CASUALTY INSURANCE COMPANY                               DEFENDANT


**PLAINTIFF'S MOTION TO EXCLUDE
THE TESTIMONY OF MARK WEBB, USAA'S EXPERT**

COMES NOW the Plaintiff, Honora Hillier and moves to exclude the testimony at trial of Mark Webb, a psychiatric expert designated by the Defendant, USAA Casualty Insurance Company ("USAA"). Webb is expected to testify at trial about the extent of Honora Hillier's emotional distress due to USAA's failure to properly pay the insurance claim.

Webb's testimony should be excluded because it is not based on reliable facts or methodology. Webb, a psychiatrist, apparently intends to testify about Honora Hillier's emotional and/or mental condition although he has neither examined her nor reviewed her medical records. There is absolutely no basis in fact for Webb's opinions. Moreover, the one relevant opinion that Webb does offer --- that Hillier suffered stress as a result of Hurricane Katrina-related events --- is not one that requires a medical degree to make.

**Admissibility of Expert Testimony**

The admission of expert testimony is controlled by Rule 702:

If scientific, technical, or other specialized knowledge will assist the trier
of fact to understand the evidence or to determine a fact in issue, a witness
qualified as an expert by knowledge, skill, experience, training, or

>education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Under FRE 702, a party offers evidence based on scientific, technical or other specialized knowledge through the testimony of a qualified expert. Cole's Tool Works v. Am. Power Conversion Corp., 2009 U.S. Dist. LEXIS 45677, 4-5 (N.D. Miss. May 7, 2009).  The party advancing the witness' testimony bears the burden of establishing both the expert's qualifications and the admissibility of the subject testimony. Id., citing Mathis v. Exxon Corp., 302 F.3d 448, 460 (5th Cir. 2002) ("The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test.").

The Supreme Court has clarified the trial judge's function in determining the admissibility of expert testimony. Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The judge's role is the gatekeeper; he is to make a preliminary determination concerning the relevance and reliability of the proposed testimony pursuant to FRE 104(a).

Rule 702's reliability component requires consideration of whether the proposed testimony is supported by appropriate validation-- that is, 'good grounds' based on what is known. Daubert, 509 U.S. at 590. The objective is to ensure that "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Seatrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 371 (5th Cir. 2000).

The Supreme Court endorsed the following non-exclusive test as an aid in assessing the reliability of an expert's proffered testimony: 1) whether the expert's theory can or has been tested; 2) whether the theory has been subject to peer review and publication; 3) the known or potential rate of error of a technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) the degree to which the technique or theory has been generally accepted in the scientific community. Moore v. Ashland Chem. Inc., 151 F.3d 269, 275 (5th Cir. 1998)(en banc).  Expert testimony on matters within the common knowledge of the jury does not assist the trier of fact and is thus inadmissible. Cole's Tool Works v. Am. Power Conversion Corp., 2009 U.S. Dist. LEXIS 45677 (N.D. Miss. May 7, 2009); *see also* Peters v. Fire Star Marine Serv., 898 F.2d 448 (5th Cir. 1990).

### *Webb's Opinions Are Not Based on Any Facts or Ascertainable Methodology.*

Webb is a medical doctor and a psychiatrist.   His expert report is attached hereto as sealed Exhibit A.  Webb's report states that he was not able to review any of Hillier's medical records.  He requests the opportunity to examine Hillier "to further investigate her psychiatric issues, if any."  However, Webb never examined Hillier.

Webb states that, having reviewed Hillier's deposition, he can testify that she does not have Post Traumatic Stress Disorder. Exhibit A at 2.  However, Webb admits that Hillier's treating physician, Jo Ann Fineman, did not diagnose Hillier with PTSD.  Is it unclear why Webb mentions that Hillier does not have this disorder since it does not appear to be at issue in this case.

Webb agrees that "Mrs. Hillier has stress from Hurricane Katrina, as it relates to losing very expensive possessions, her house, her community, and also her husband

having to relocate." Id. at 2.  However, Webb does not offer any opinion as to whether Hillier suffered stress related to USAA's failure to pay Hillier's insurance claim promptly and fairly.  He merely points out that she suffered from other stressors, as well.

Webb cannot testify regarding Hillier's medical condition because he has not reviewed any of her medical records and has never examined Hillier.  The only facts which Webb had about Hillier were those that he gleaned from reading her deposition, which was not a medical examination.   The deposition transcript apparently only allowed Webb to form the opinion that Hillier had many stressors arising from Hurricane Katrina.  One does not have to be a medical doctor to understand that a person who lost her home, her community, her personal property, and her family's source of income would suffer stress.  The jury does not require Webb to explain that to them.

Webb does not offer any opinions other than: (1) Hillier does not suffer from PTSD, a condition not at issue in this case, and (2) Hillier suffered from multiple stress events as a result of Hurricane Katrina.  These are not expert opinions based on any medical facts, such as medical records or a medical examination. Webb's opinions are based entirely on a reading of Hillier's deposition transcript, and merely state what would be obvious to any layperson reading that transcript --- it is stressful to lose one's home in a catastrophe.  Webb's report entirely fails to address the issue of whether Hillier suffered emotional distress as a result of USAA's failure to properly pay the claim, and Webb cannot offer such an opinion because he has no facts on which to base it.  Webb's expert testimony fails to satisfy this court's gate-keeping standards and should be excluded in its entirety.

Based on the foregoing, Plaintiff respectfully requests that this Court entirely exclude Webb as an expert witness at the trial of this cause.

DATED: November 3, 2009

>HONORA HILLIER
>Plaintiff
>
>BY: _/s/ Tina L. Nicholson_____
>     TINA L. NICHOLSON, MSB#99643

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been filed with the CM/ECF system which will furnish a true and correct copy to all counsel of record in this case.

This the 3rd day of November, 2009.

>/s/ Tina L. Nicholson
>TINA L. NICHOLSON, MSB #99643

MERLIN LAW GROUP, P.A.
Three Riverway, Suite 1375
Houston, TX 77056
Tel: (713) 626-8880
Fax:   (713) 626-8881
tnicholson@merlinlawgroup.com