**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HONORA HILLIER**                                                                       **PLAINTIFF**

**VS.**                                                   **CAUSE NO. 1:08-cv-00671-LTS-RHW**

**USAA CASUALTY INSURANCE COMPANY**                          **DEFENDANT**

**MEMORANDUM OF USAA CASUALTY INSURANCE COMPANY
IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT TESTIMOMONY OF
JO ANN B. FINEMAN, M.D.**

**I.**       <u>**Introduction**</u>

       USAA CIC respectfully submits this memorandum in support of its motion, pursuant to Federal Rules of Evidence 104(a), 702, 703, and 403, and Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1) to exclude the testimony of plaintiff's expert witness, Jo Ann B. Fineman, M.D. The plaintiff proffers Dr. Fineman, a psychiatrist, to testify that the plaintiff suffered emotional distress as a result of USAA CIC's handling of her claim. Dr. Fineman's testimony should be excluded because her report is deficient under Federal Rule of Civil Procedure 26(a)(2)(B), and the opinion expressed therein is not based on any ascertainable or reliable information and is therefore inadmissible.

**II.**       <u>**Required Disclosure and Threshold Scrutiny of Expert Testimony**</u>

       Fed. R. Civ. P. 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(B) requires that the party's expert disclosure must be accompanied by a written report – prepared and signed by the witness - that contains, among other things, "a complete statement of all opinions containing the basis and reasons therefore and the data considered in forming the opinion."

Rule 26(a) requires the initial expert disclosure to be complete and detailed in order to "avoid the disclosure of 'sketchy and vague' expert information.". *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996). Additionally, the purpose of rule 26(a)(2) is to eliminate 'unfair surprise to the opposing party.' *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C.Cir. 2007) (citing *Sylla-Sawdown v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.1995)).

Fed. R. Civ. P. 37(c)(1) provides in pertinent part: "If a party fails to provide information ... as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998); *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003). The Fifth Circuit, using an abuse of discretion standard, reviews a court's decision to exclude evidence that was not properly designated by considering the following four factors: (1) the explanation for the failure to [provide timely expert report]; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996) (citing *Sierra Club*, 73 F.3d at 572).

In addition to making sure that an experts report comports to the requirements of Rule 26(a)(2), this Court must fulfill a vital "gatekeeping role" that requires it to make a threshold assessment "whether the reasoning or methodology underlying the [expert] testimony is scientifically valid and of whether that reasoning and methodology properly can be applied to the facts in issue." *Daubert v Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 at 592-93 (1993).

Throughout the evaluation, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. These "exacting standards of reliability," *Weisgram v. Marley Co.*, 528 U.S. 440, 442 (2000), require far "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Yet Dr. Fineman has neither relied on scientific data applicable to these facts, nor reliably applied a scientific methodology.

Federal Rule of Evidence 702 requires a sound basis and a sound methodology, properly applied to the facts of the case, before an opinion can be admitted into evidence.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, *if* (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, *and* (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Thus, courts must exclude expert evidence that is not "based on sufficient facts or data," that is not "the product of reliable principles and methods," or whose methods are not applied "reliably to the facts of the case." *Id*. Indeed, "***any*** step that renders the analysis unreliable ... renders the expert's testimony inadmissible. *This is true whether the step completely changes a reliable methodology or merely misapplies that methodology.*" Fed. R. Evid. 702 advisory committee's note (2000) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)) (emphasis and omission in original).

As part of its gate keeping function, the court "must examine the expert's conclusions in order to determine whether they could reliably flow from the facts known to the expert and the methodology used." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (citation omitted). Upon doing so, a court may, for example, "conclude that there is simply too great an analytical gap between the data and the opinion proffered," and properly preclude the expert's testimony. *Joiner*, 522 U.S. at 146.

"It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000). Indeed, a core rule of evidence is that "speculation is unreliable . . . and is inadmissible." *Dunn v. Sandoz Pharm. Corp.*, 275 F. Supp. 2d 672, 684 (M.D.N.C. 2003). "The courtroom is not the place for scientific guesswork, even of the inspired sort." *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319 (7th Cir. 1996). "Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006).

Plaintiff, as the proponent of the expert evidence, bears the burden of showing that it is admissible. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002); *Tanner v. Westbrook*, 174 F.3d 542, 547 (5th Cir. 1999) (superseded on other grounds) (citation omitted); *see also Daubert*, 509 U.S. at 592 n.10. USAA CIC does ***not*** bear the burden of demonstrating its inadmissibility. *See Rieger v. Orlor, Inc.*, 427 F. Supp. 2d 99, 102 (D. Conn. 2006); *Soldo v. Sandoz Pharms. Corp.*, 244 F. Supp. 2d 434, 534 (W.D. Pa. 2003).

*Daubert* carefully distinguishes between the threshold reliability inquiry that plaintiff must satisfy and the role of cross-examination. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky ***but admissible*** evidence. . . . These conventional devices . . . are the appropriate safeguards ***where*** the basis of scientific testimony ***meets the standards*** of Rule 702." *Daubert*, 509 U.S. at 596 (emphasis added). As the highlighted language shows, the plaintiff must first satisfy her burden of demonstrating that the proffered evidence is admissible. See *McLendon v. Georgia Kaolin, Co., Inc.*, 841 F. Supp. 415, 418 (M.D. Ga. 1994) ("these devices are only sufficient safeguards where the scientific testimony meets the standards of Rule

702"); see also *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 297 (8th Cir. 1996) ("cross-examination at trial" cannot "take the place of scientific peer review"); *Porter v. Whitehall Labs.*, 791 F. Supp. 1335, 1345 & n.10 (S.D. Ind. 1992) ("an expert's opinion must have some basis other than hypothesis before the opinion may have the privilege of being assailed by cross-examination") (emphasis in original), *aff'd*, 9 F.3d 607 (7th Cir. 1993).

Even if Dr. Fineman's testimony could somehow survive this Court's threshold scrutiny under Rule 702 (which it cannot), then it would be subject to further review and preclusion under Rule 403. "[E]xpert evidence can be both powerful and quite misleading. . . . Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595. To this end, an expert opinion's "lack of reliable evidence may render it more prejudicial than probative, making it inadmissible under [Rule] 403." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

### III.    Dr. Fineman's Expert Report is Deficient

Dr. Fineman's report, which is attached hereto as sealed Exhibit "1", does not comply with the requirements set out in Fed. R. Civ. P. 26(a)(2)(B). While Dr. Fineman offers her opinion that the plaintiff was depressed and struggling with post-trauamatic stress relating to her experiences, Dr. Fineman does not provide any basis or reason for those opinions. Dr. Fineman simply states that the content of the plaintiff's verbal material during their sessions was related to the above problems, but fails to provide the content which is the basis for her opinion.

Additionally, Dr. Fineman purports to have seen the plaintiff on September 15, 22, 29, 2009, and October 20 and 27, 2009[1], but no medical records or notes are provided or referenced

---

[1] USAA CIC received plaintiff's designation of experts and corresponding reports on March 3, 2009 over six months before Dr. Fineman claims to have treated the plaintiff. USAA CIC accepts that this is likely a

in her report. In fact, Dr. Fineman states in the first sentence of her report, that her personal notes and records regarding any patient are confidential. Furthermore, Dr. Fineman has failed to respond to a subpoena seeking her medical records and information relating to her treatment of the Plaintiff. On September 16, 2009, USAA CIC filed its notice of intent to serve a subpoena on Dr. Fineman. However, to date Dr. Fineman has failed to respond. This clearly stated failure to provide the data or other information considered by Dr. Fineman in forming her opinion causes her report to be deficient pursuant to Fed. R. Civ. P. 26(a)(2)(B).

Because Dr. Fineman did not provide the information required by Fed. R. Civ. P. 26(a)(2)(B), she should not be allowed to testify at trial.

**IV.     Plaintiff Cannot Establish That Dr. Fineman's Opinion Is Based on Reliable Data**

As part of its role as gatekeeper, the district court must ensure that the underlying facts and data upon which a proffered expert's opinions are based are in and of themselves reliable. *See Allen*, 102 F.3d at 196; *Daubert*, 509 U.S. at 595. If an expert's opinion is based on unreliable facts, the opinion must be excluded. *See Brown v. Parker-Hannifin Corp.,* 919 F.2d 308, 311 (5th Cir. 1990); *In re TMI Litig.*, 193 F.3d 613, 697 (3d Cir. 1999); *Montgomery Cty. v. Microvote Corp.*, 320 F.3d 440, 448 (3d Cir. 2003). Because Dr. Fineman has failed to provide sufficient facts on which she based her opinion, the plaintiff cannot meet her burden of proving that her opinion is reliable. Without any facts upon which Dr. Fineman's opinion is based, it is impossible to determine if they are reliable.

In fact, Dr. Fineman admits in her report that because she only met with the plaintiff five times, she does not have much insight into the plaintiff's prior adjustment. In other words, Dr.

---

typographical error, but it leaves USAA CIC with very little reliable information on which to evaluate the expert's opinion.

Fineman cannot know if the plaintiff is suffering because of something related to USAA CIC's handling of her claim or something completely unrelated.

Lacking this evidence of the plaintiff's prior condition, Dr. Fineman's opinions are not based on reliable information. Dr. Fineman's methodology suffers from a fundamental fallacy: "Garbage in. Garbage out." *Coffey v. Dowley Mfg. Co.*, 89 F. App'x 927, 931 (6th Cir. 2003). "As with any model, the data input is crucial." *In re TMI Litig. II*, 911 F. Supp. 775, 792 n.9 (M.D. Penn. 1996) (citation omitted), *aff'd*, 193 F.3d 613 (3d Cir. 1999). "[I]f the 'data' from which [an expert's] modeling assumptions arise is invalid, or non-existent, then there is no hope that his technique, much less his results, are going to be reliable." *Castellow v. Chevron USA,* 97 F. Supp. 2d 780, 792 (S.D. Tex. 2000). Dr. Fineman's conclusion, based on facts which have not been revealed and her own admission that she has little knowledge of plaintiff's prior adjustment, is nothing more than speculation and should be excluded.

### V.    Conclusion

For the foregoing reasons, USAA CIC respectfully requests that its Motion to exclude the expert testimony and expert report of Dr. Jo Ann B. Fineman be granted.

Respectfully submitted this the 3rd day of November, 2009.

        **USAA CASUALTY INSURANCE COMPANY**

        By:   /s/ Charles P. Copeland_____
                ROBERT P. THOMPSON (MSB#8188)
                CHARLES P. COPELAND (MSB#135240)

Of Counsel:

**COPELAND, COOK, TAYLOR AND BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.:  (601) 856-7200
Facsimile No.:   (601) 856-7626

**CERTIFICATE OF SERVICE**

I, Charles P. Copeland, hereby certify that on November 3, 2009, I electronically filed the foregoing Memorandum Of USAA Casualty Insurance Company In Support Of Its Motion To Exclude Expert Testimomony Of jo Ann B. Fineman, M.D. with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons, and if such persons are not registered to receive filings pursuant to the CM/ECF system, the foregoing document will be delivered by other means:

> Tina L. Nicholson, Esq.
> Merlin Law Group, PA
> Three Riverway, Suite 1375
> Houston, TX 77056
> tnicholson@merlinlawgroup.com

This the 3rd day of November, 2009.

> /s/Charles P. Copeland
> Charles P. Copeland (MSB #102774)