**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HONORA HILLIER**                                                                                      **PLAINTIFF**

**VS.**                                                                 **CAUSE NO. 1:08-cv-00671-LTS-RHW**

**USAA CASUALTY INSURANCE COMPANY**                                              **DEFENDANT**

**USAA CASUALTY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO LIMIT THE TESTIMONY OF DON SLINN**

USAA Casualty Insurance Company ("USAA CIC") submits its Response in Opposition to Plaintiff's motion to limit the testimony of Don Slinn as follows.

**INTRODUCTION**

Dr. Donald Slinn is a leading university professor and researcher with a bachelor's degree, master's degree, and Ph.D in mechanical engineering. One of his specialties is fluid dynamics, which includes analyzing the forces of water and wind. He is eminently qualified as an expert concerning wave forces, the destructive effects of wave forces, the relative strength of waves as compared to wind, the wave forces and storm surge present at the Plaintiff's house during Hurricane Katrina, and how those wave forces affected the Plaintiff's house for which USAA CIC has identified him as an expert in this case. Dr. Slinn easily satisfies Rule 702's requirement that an expert be qualified "by knowledge, skill, experience, training, or education" before offering testimony in the form of an opinion.

Plaintiff's argument that Dr. Slinn's testimony should be limited at trial because Slinn is not licensed to practice engineering in Mississippi and state law bars him form offering engineering opinions misses the mark and goes too far. Plaintiff effectively concedes Dr. Slinn is qualified to testify pursuant to Fed. R. Evid 702, but insists that his mere lack of a Mississippi

engineering license renders him not competent to testify. By Plaintiff's argument, if the undisputed leading scientist in the world is prepared to offer relevant engineering testimony in a Mississippi court, but does not happen to have a Mississippi engineering license, then the court and jury are to be deprived of the most helpful and relevant testimony that may be available. The Federal Rules of Evidence, Mississippi law, and the U.S. Constitution do not require or allow for that result.  Contrary to Plaintiff's argument, Dr. Slinn's testimony should not be limited at trial since (1) the Federal Rules of Evidence, not state law govern the admissibility of experts in federal courts; (2) Mississippi law would not prohibit Dr. Slinn from testifying; (3) the Mississippi statute relied upon by Plaintiff does not apply to Dr. Slinn's opinions in this case; and (4) application of the Mississippi Statute in the manner requested by Plaintiff is unconstitutional and a violates Due Process.

### I.  The Federal Rules of Evidence, Not State Law, Control This Court's Determination of the Admissibility of Expert Testimony

The Plaintiff relies on Miss. Code Ann. § 73-13-1 *et seq.* and the regulations thereunder, discussed *infra*, to limit the testimony of Dr. Slinn. The Federal Rules of Evidence control admissibility of expert testimony, not state law, and the Federal Rules of Evidence do not require a license for expert testimony to be admissible. *See* Fed. R. Evid. 702

This Court recently address this issue in *Bossier v State Farm*. In *Bossier*, State Farm designated two experts who did not hold professional engineering licenses, but were clearly qualified to offer expert opinion testimony under Fed. R. Evid. 702. This Court focused on Fed. R. Evid. 601, which provides that in civil actions where state law supplies the rule of decision as to an element of a claim or defense, the competency of a witness shall be determined in accordance with state law.  As a result, this Court held that the requirements of rule 702 and rule 601 are cumulative and that an expert must meet both the competency requirements of state law

and the standard of qualification under rule 702 and *Daubert*. *Bossier v State Farm Fire and Cas. Co.*, 2009 WL 4061501, Civ. Act. No. 1:08CV408 (S.D.Miss. Nov. 20, 2009). Based on an interpretation of the Federal Rules of Evidence that deferred to state law in matters of competency of an expert witness, this Court excluded the testimony of State Farm's expert witness by applying Miss. Code Ann. § 73-13-1 *et seq.* and the regulations thereunder. In arriving at this conclusion, this Court noted that there exists a split among the circuits on the question whether Rule 702 displaces Rule 601 in determining the competency of expert witnesses.

Although there is a split among the circuits, most recently in *Huss v. Gayden*, the Fifth Circuit held that the Federal Rules of Evidence control the admission of expert testimony even where state law governs the substance of the case and that the parties' briefing of admissibility of expert testimony under state law is not relevant. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir.2009) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir.2002). This was a change from the Fifth Circuit's prior ruling in *Foradory v. Harris*, which had recognized that the Federal Rules of Evidence apply state law with respect to presumptions, privilege, and competency of witnesses. *Foradory v. Harris*, 523 F.3d 477 (5th Cir.2008). Having previously recognized that state law controls the competency of witnesses in a diversity case, the Fifth Circuit in *Huss* did not defer to state law in determining the **admissibility** of expert testimony, something wholly different than the **competency** of a witness.

II.   **Mississippi Law Would Not Prohibit Dr. Slinn from Testifying or Limit His Testimony**

Even if Fed. R. Evid. 702 and Fed. R. Evid 601 are cumulative, Dr. Slinn meets the competency requirements of state law as required by Rule 601. Although Miss. Code Ann. § 73-13-1 purports to exclude the testimony of any expert unlicensed to practice engineering in

Mississippi, this Court's analysis should not end with an interpretation of that statute in isolation. In other words, a proper *Erie* guess should consider how the courts in Mississippi would handle this issue.

It is well established in Mississippi courts that the admissibility of evidence in a judicial proceeding is a matter determined according to the applicable rules of evidence, subject to any constitutional concerns that might come into play, and not according to dictates of legislative enactments. *Jones v. State*, 761 So.2d 907 (Miss.App.2000) (declaring a legislative attempt to exclude competent evidence to be an unwarranted interference in the judicial branch's solemn obligation to pursue the truth). In *Hall v. State*, the Mississippi Supreme Court stated that the judicial power has been authoritatively read as including the power to make rules of practice, procedure and evidence. "That reading of the power is as much a part of our constitution as the doctrine of judicial review, at no point written in so many words but recognized as a core reality within our constitution in an unbroken line of cases from *Runnels v. State,* Walker (1 Miss.) 146 (1823) through *Alexander v. State By and Through Allain*, 441 So.2d 1329 (Miss.1983)." "We want our triers of fact to have all evidence that will aid them in the search for truth and at once we want every citizen brought before the bar of justice to have every fair opportunity to test the worth of that evidence." *Hall v. State*, 539 So.2d 1338, 1345-46 (Miss.1989). Since at least the effective date of the Mississippi Rules of Evidence on January 1, 1986, the Mississippi Supreme Court has made it quite clear that matters regarding the admissibility of evidence in a judicial proceeding are to be decided by judicial rather than legislative pronouncement. Miss. R. Evid. 1103 states that all evidentiary rules, whether provided by statute, court decision or court rule, which are inconsistent with the Mississippi Rules of Evidence are hereby repealed. *Acklin v. State*, 722 So.2d 1264, 1266 (Miss.App. 1998).

Based on this clear Mississippi precedent, it cannot be said that Dr. Slinn would be prohibited from testifying based on Miss. Code Ann. § 73-13-1. Mississippi Rules of Evidence 702 would clearly permit Dr. Slinn's testimony. To the extent Miss. Code Ann. § 73-13-1 conflicts with the Mississippi Rules of Evidence, it is void. *Acklin*, 722 So.2d at 1266. Because Fed. R. Evid. 601 requires that the competency of a witness be determined in accordance with state law, and state law would not prohibit Dr. Slinn from testifying pursuant to Miss. R. Evid. 702, plaintiff's motion should be denied and Dr. Slinn should be allowed to offer his unlimited testimony at trial.

### III.     Alternatively, Miss. Code Ann. § 73-13-1 Does Not Even Apply to Dr. Slinn

Miss. Code Ann. § 73-13-1 provides that in order to ***safeguard life, health, and property***, and to promote the public welfare, any person practicing or offering to practice engineering shall be required to be licensed. Miss. Code Ann. § 73-13-3 defines the practice of engineering as follows:

> The term "practice of engineering" within the meaning and intent of Sections 73-13-1 through 73-13-45 shall mean any service or creative work the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, *expert technical testimony*, evaluation, planning, design, and design coordination of engineering works and systems, planning the use of land, air and water, performing engineering surveys and studies, and the review of construction for the purpose of monitoring compliance with drawings and specifications; any of which embraces such engineering services or work, either public or private, in connection with any utilities, water resources, structures, buildings, machines, equipment, processes, work systems, projects, communication systems, transportation systems, industrial or consumer products or equipment of control systems; or engineering services or work of a communications, mechanical, electrical, hydraulic, pneumatic, chemical, geotechnical (including geology and geohydrology incidental to the practice of engineering), geological, environmental, or thermal nature, ***insofar as they involve safeguarding life, health or property***, and including such other professional services as may be necessary to the planning, progress and completion of any engineering services.

Miss. Code. Ann. § 73-13-3 (emphasis added).

Dr. Slinn's opinion and testimony in this case does not involve safeguarding life, health or property and therefore does not fall under the statutory definition of the "practice of engineering." USAA CIC expects that Dr. Slinn will testify about waves, wave forces, fluid mechanics, wave forces as compared to wind forces, the wave forces and storm surge present at the Plaintiff's house during Hurricane Katrina, and how those wave forces affected the Plaintiff's house. Dr. Slinn's testimony is relevant to Hurricane Katrina, a historical event, and how it affected the Plaintiff's house in Pass Christian, MS. The house has already been destroyed by Hurricane Katrina and can no longer be safeguarded. In other words, the testimony that Dr. Slinn will offer, and the methodology he used to arrive at his opinions does not fall within the statutory definition of "practice of engineering" set out in Miss. Code. Ann. § 73-13-3.

In *Bossier*, State Farm designated two experts similarly situated to Dr. Slinn. Neither expert possessed a professional engineering license, but both where imminently qualified under Fed. R. Evid. 702. The Court, in applying the statute at issue in this case excluded the testimony of one of State Farm's experts and limited the testimony of the other. The Court found that Mississippi law applied to determining the competency of the witnesses and that the testimony of State Farm's experts fell within the statutory definition of "practice of engineering." However, the Court seems to have relied on a definition of "practice of engineering" that is broader than that intended by the legislature.

By enacting Miss. Code Ann. § 73-13-1 *et seq.* the legislature sought to safeguard life, health, and property, and to promote the public welfare by requiring anyone practicing engineering in Mississippi to be licensed. This is evidenced in the very first sentence of Miss. Code Ann. § 73-13-1 and again in the last phrase of Miss. Code Ann. § 73-13-3. The legislature

did not intend to prevent experts like Dr. Slinn from offering expert technical testimony, or performing causation analysis without being licensed unless that testimony or analysis concerned safeguarding life, health or property. By limiting the statutory definition of "practice of engineering" to areas concerning the safeguarding of life, health and property, the legislature carved out from the licensure requirement the exact type of expert testimony the Plaintiff seeks to limit.

Dr. Slinn's purpose in this case is to help the jury understand what happened at the Plaintiff's house during Hurricane Katrina, something that has already occurred and cannot be changed. In no way, is Dr. Slinn going to offer testimony or opinions that would serve to implicate safeguarding life, health or property. Therefore, Dr. Slinn's testimony does not fall under the statutory definition of "practice of engineering" and does not require a license.

This Court relied on an Alabama Supreme Court decision, *Board of Water and Sewer Commissioners of the City of Mobile v. Hunter*, in making its decision in *Bossier*. *Hunter* dealt with the exclusion of an unlicensed expert based on a similar statute to Miss Code Ann 73-13-1. However, in *Hunter*, the expert was testifying about a sewer system that was active and ongoing. In other words, his testimony affected a continuing process that did implicate safeguarding life, health and property. *Board of Water and Sewer Commissioners of the City of Mobile v. Hunter*, 956 So.2d 403 (2006).[1] Thus, the Alabama case is not, in fact, instructive here where Dr. Slinn's proffered testimony only involves opinions as to a historical event and its cause.

---

[1] There is no indication in *Hunter* that Alabama courts have determined statutes that conflict with the rules of evidence to be void as in Mississippi.

IV. **Application of Miss. Code Ann. § 73-13-1 *et seq.* to Limit the Testimony of Dr. Slinn is Unconstitutional and a Violation of Due Process**

Assuming, *arguendo*, that the intent of Miss. Code Ann. § 73-13-1 *et seq.* is to prohibit Dr. Slinn and similar experts otherwise qualified from testifying at trial, it defies common sense, the Constitution of the State of Mississippi, and the Constitution of the United States of America.

Dr. Slinn is an Associate Professor in the Coastal and Oceanographic Engineering Program, Civil and Coastal Engineering Department, at the University of Florida, Gainesville, Florida. Dr. Slinn holds a Bachelor of Science degree (Mechanical Engineering) from Brigham Young University (1988), a Master of Science degree (Mechanical Engineering) (1989) from the University of Washington (Seattle, Washington), and a Doctor of Philosophy degree (Mechanical Engineering) from the University of Washington (1995).

Dr. Slinn has researched and taught subjects related to fluid mechanics, waves, wave forces, and beach systems since 1995. During that period Dr. Slinn has held faculty appointments and professorships at Oregon State University, Florida Atlantic University, and the University of Florida. Dr. Slinn teaches fluid mechanics courses that include sections on wind and wave forces. His research has focused on oceanographic fluid dynamics, specializing in computer modeling of hurricanes, storm surge and wave dynamics, and coastal processes. Dr. Slinn has authored or coauthored over 30 technical publications and consulted with approximately 10 firms and governmental agencies in the general area of coastal and ocean engineering. The State and Federal agencies (NOAA, NSF, ONR, FDOT, ACE, FEMA, etc.) have invested over $5 million in his research projects in the last 10 years. As part of these research efforts, Dr. Slinn has developed methodology for the calculation of waves and storm surges along the coasts during tropical storms. In collaboration with other researchers Dr. Slinn has analyzed every hurricane

and tropical storm that has occurred in the North Atlantic and Gulf of Mexico for the past 7 years. *See* Report of Donald N. Slinn, March 15, 2009, attached hereto as Exhibit "1."

Dr. Slinn is one of the most qualified experts in his field. To limit his testimony because he conducts his work in the field of academia and does not hold a professional engineering license defies common sense. Further, the application of Miss. Code Ann. §§ 73-13-1 and 73-13-3 in this manner would prevent USAA CIC from retaining the best available expert and force them to choose an expert who is a licensed engineer in Mississippi. This is a clear violation of the Due Process Clause of Amendment XIV of the United States Constitution because it prevents USAA CIC from obtaining qualified witnesses in its favor, bars USAA CIC from defending itself, prevents justice from being administered and unconstitutionally criminalizes testimony.

USAA CIC recognizes that the practice of engineering affects the public welfare and regulation thereof falls within the police power of the state. However, as applied in *Bossier*, Miss. Code Ann. §§ 73-13-1 and 73-13-3 go beyond the proper legislative purpose of safeguarding life, health and property as discussed *supra*. The statute is unduly vague and a violation of due process. The test for vagueness is whether a statute proscribing or requiring conduct does so "in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application...." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). 'A state's legislative enactment is void for vagueness under the due process clause of the fourteenth amendment if it is inherently standardless, enforceable only in the exercise of an unlimited, and hence arbitrary, discretion vested in the state.' *Margaret S. v. Edwards*, 794 F.2d 994, 999 (5th Cir.1986). 'A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers discriminatory application.' *Mason v. Florida Bar*, 208 F.3d 952, 959 (11th Cir.2000),

citing *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972). Because the definition of "practice of engineering" as proscribed by Miss. Code Ann. § 73-13-3 is set out in terms so vague as to require a guess as to how it will be applied, the statue is unconstitutionally vague and should be void.

## CONCLUSION

For the foregoing reasons, USAA CIC respectfully requests that Plaintiff's Motion to limit the expert testimony of Donald Slinn be denied and that the Court hold Dr. Slinn is competent to testify without limitation.

Respectfully submitted this the 30th day of November, 2009.

                        USAA CASUALTY INSURANCE COMPANY

                        By:    /s/ Charles P. Copeland
                               Robert P. Thompson (MSB# 8188)
                               Janet G. Arnold (MSB# 1626)
                               Charles P. Copeland (MSB# 135240)

Of Counsel:

COPELAND, COOK, TAYLOR AND BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.: (601) 856-7200
Facsimile No.: (601) 856-7626

## **CERTIFICATE OF SERVICE**

I, Charles P. Copeland, hereby certify that on November 30, 2009, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons, and if such persons are not registered to receive filings pursuant to the CM/ECF system, the foregoing document will be delivered by other means:

Tina L. Nicholson, Esq.
Merlin Law Group, PA
Three Riverway, Suite 1375
Houston, TX 77056
tnicholson@merlinlawgroup.com

This the 30th day of November, 2009.

/s/Charles P. Copeland_____
Charles P. Copeland (MSB #102774)