**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HONORA HILLIER**                                                                                  **PLAINTIFF**

**VS.**                                                                  **CAUSE NO. 1:08-cv-00671-LTS-RHW**

**USAA CASUALTY INSURANCE COMPANY**                               **DEFENDANT**

**REPLY OF USAA CASUALTY INSURANCE COMPANY
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

USAA Casualty Insurance Company ("USAA CIC") files this Reply in Support of Its Motion for Partial Summary Judgment and In Support thereof would show as follows:

**INTRODUCTION**

USAA filed its motion for Partial Summary Judgment and Supporting Brief, seeking a judgment that (1) the plaintiff is not entitled to further additional living expenses; (2) that the issue between the parties is a legitimate dispute over the amount of damage caused exclusively by wind, precluding an award of prejudgment interest; (3) that the plaintiff is not entitled to recover punitive damages or on any of her other extra-contractual claims since this is a legitimate dispute; and (4) that USAA CIC has a right to continue to investigate the plaintiff's claim, including a right to request supplemental engineering opinions, which the Plaintiff does not contest.

**I.**     **Plaintiffs Are Not Entitled to further ALE.**

Item 1 under Coverage D - Loss of Use, on page 3 of the policy which is attached as Exhibit "2" to USAA CIC's Motion for Partial Summary Judgment provides that:

**COVERAGE D - Loss of Use**

The limit of liability for Coverage D is the total limit for all the coverages that follow.

1. **Additional Living Expense**. If a loss covered under Section - I makes that part of the *residence premises where you reside* not fit to live in, we cover the *necessary increase* in living expenses *incurred* by you so that your household can maintain its normal standard of living. Payment will be for the shortest time required to repair or replace the damage or, if you permanently relocate, the shortest time required for your household to settle elsewhere, in either event, not to exceed 12 months.

The USAA CIC policy language is unambiguous in its provision that additional living expense coverage extends only to those living expenses that constitute <u>an increase</u> and that are actually <u>incurred</u>. Further, payment will be for the shortest time required to repair or replace the damage, <u>not to exceed 12 months</u>. Contrary to Plaintiffs claim that ALE was cut off prematurely, the facts actually show that USAA CIC paid claims through January 2006, and was willing to consider payment through the entire 12 month period in which coverage could be available.

USAA CIC made payment for the Plaintiff's ALE claims for which documentation had been submitted in January of 2006. Upon inquiry from the Plaintiff's lawyer in October of 2006 concerning further ALE payments, USAA requested certain information necessary to determine what amounts incurred by the Plaintiff constituted an increase in living expenses. The requested documentation has never been provided by the Plaintiff such that USAA can properly adjust the claim. Deposition of Sherry Conquest, 39:11 – 40:23, attached hereto as Exhibit "1."

In early October of 2006, Sherry Conquest received a letter form the Plaintiff's attorney requesting additional ALE payment. Conquest responded to the Plaintiff and requested additional information since the 12 month period in which ALE is available had ended. In order to handle the entire 12 month period Conquest would have to go back and determine what expenses incurred by the Plaintiff were an increase to normal living expenses. Conquest needed information establishing the Plaintiff's normal expenses for utilities that were no longer being incurred as a result of Hurricane Katrina. That information was never received by USAA CIC.

Because the Plaintiff's attorney indicated that the Plaintiff was in dire straits, Conquest issued the Plaintiff a $30,000 advance to help them out until USAA CIC received their documentation on their ALE, but that information was never received. *Id.*

Because the Plaintiff has not come forward and provided USAA CIC with information necessary to determine if any incurred expenses were actually an increase in living expenses, no further ALE payments are warranted.

## II.     The Plaintiffs Are Not Entitled To Prejudgment Interest on Disputed Amounts.

USAA had an arguable reason for its determination of coverage under the policy and is entitled to summary judgment on this issue. Under longstanding Mississippi precedent, the Mississippi Supreme Court has made it clear that a trial court has the discretion to award prejudgment interest only in certain instances.  Mississippi law does not allow recovery of prejudgment interest unless (a) the amount at issue in the case was liquidated, or (b) the defendant acted frivolously or in bad faith.  *Upchurch Plumbing, Inc. v. Greenwood Utilities Comm'n*, 964 So. 2d at ¶43; *Estate of Gillies v. Gillies*, 830 So. 2d 640, (Miss. 2002)¶25; *Grace v. Lillitz Mut. Ins. Co.*, 257 So.2d 217, 225 (Miss. 1972) (prejudgment interest denied in Hurricane Camille case because there was a "bona fide dispute" regarding liability and the amount of damages).  Neither situation in which prejudgment interest can be awarded applies in this case.  There was a bona fide dispute as to liability and the amount of damages.

The damages sought by the Plaintiffs were not liquidated.  Rather, they were unliquidated and disputed.

> Damages being 'liquidated refers to damages that are set or determined by a contract when a breach occurs. Black's Law Dictionary 395 (7th ed. 1999). 'Unliquidated' damages are '[d]amages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.' Id. at 397.

*Moeller v. American Guar. and Liab. Ins. Co.*, 812 So. 2d 953, ¶18 (Miss. 2002). The portion of Miss. Code Ann. §75-17-1 that allows an award of prejudgment interest, if proper, from the date of filing of a complaint does not apply to this case. Neither of the two situations in which prejudgment interest is awardable exists in this case. *Upchurch Plumbing*, 964 So. 2d at ¶¶43, 50 (recognizing §75-17-1 as source of authority for awarding prejudgment interest, but still imposing limitations that prejudgment interest cannot be awarded unless the amount at issue was liquidated or the defendant acted frivolously or in bad faith).

The Plaintiff relies on *Butcher v. Allstate Ins. Co.* in asserting that prejudgment interest is due on an insurance claim recovery as of the date the claim should have been paid. In *Butcher*, the United States District Court of the Southern District of Mississippi found that the amount owed to the Plaintiffs was a liquidated amount and pre-judgment interests should be applied to the judgment from the date of the loss. *Butcher*, 2009 WL 3489044 S.D. Miss (Oct. 22, 2009). *Butcher*, is distinguished from this case because it dealt with a fire loss, in other words, a valued policy. Here, we are not dealing with a valued policy or liquidated damages. USAA CIC is entitled to summary judgment on this issue.

### III. Plaintiff's Response Makes Clear That USAA CIC Possesses a Reasonably Arguable Basis For Its Decisions And Plaintiff's Claims for Punitive Damages, Extracontractual Damages, And Attorneys' Fees Should Be Dismissed

The sum and substance of Plaintiff's argument is that USAA CIC based its adjusting decisions on unreliable engineering opinions, constituting bad faith. What the Plaintiff fails to mention is that the KCE Matrix Engineering report, presented to USAA CIC by the Plaintiff, was not signed or sealed by any engineer of record, and the engineer, Vaje Kardijan, who authored the report has not been designated by the Plaintiff as an expert. *See* Deposition Transcript of Lori

Cox, Sept. 3, 2009, 35:21 -36:14, attached hereto as Exhibit "2," and Plaintiff's Designation of Experts, Doc. 11.

The Plaintiff further misleads the court in her comparison of USAA CIC's experts' reliance on the EF Scale to Neil Hall's reverse application of the EF Scale. In other words, USAA CIC, in its Motion to Exclude the Testimony of Neil Hall, has not contested the reliability of the EF Scale when properly used, but has contested Neil Hall's reverse application of the EF Scale to a single dwelling. As illustrated in USAA CIC's motion, Mr. Hall relies on the EF Scale to determine what destroyed the Plaintiff's property. As pointed out by the Plaintiff, USAA CIC's engineers relied on the EF Scale to support their findings based upon the hierarchy of damage reflected in the EF Scale applied with respect to examining surrounding buildings and inferring from that what the probable effect of wind forces on the Plaintiff's dwelling were. In other words, Haag and EFI Global used the EF Scale in their evaluation of surrounding properties that were still standing in order to verify that the types of damage observed were consistent. This is not the same type of application used by Mr. Hall.  USAA CIC does not discount the validity of the EF Scale, only its incorrect application by Mr. Hall.

The Plaintiff clearly demonstrates that USAA hired two engineering firms, EFI Global and Haag Engineering Company, to investigate the Plaintiff's loss, and that both of those engineering firms not only inspected the loss, but considered the KCE Matrix report presented by the Plaintiff. Based on those similar opinions, USAA CIC made its decision as to how to pay the Plaintiff's claim. To argue that reliance on two separate engineering firm's opinions is unreasonable just doesn't make sense. That the Plaintiffs have an engineer who disagrees does not negate that USAA CIC possesses an arguable reason for its dwelling payment. *Blue Cross and Blue Shield v. Campbell*, 466 So.2d 833, 851 (Miss.1984); *see also Prudential Prop. & Cas.*

*Ins. Co. v. Mohrman,* 828 F. Supp. 432, 441 (S.D. Miss. 1993) (stating arguable reason exists if the denial is supported by at least some credible evidence, even though there may be evidence to the contrary); *Richards v. Amerisure Ins. Co.,* 935 F. Supp. 863, 867 (S.D. Miss. 1996) (citing *Campbell*, 466 So.2d at 851); *Tipton v. Nationwide Mut. Fire Ins. Co.*, 381 F. Supp. 2d 572, 579 (S.D. Miss. 2004)(citing *American Mfrs. Mut. Ins. Co. v. Cupstid*, 673 F. Supp. 186, 188 (S.D. Miss. 1987) and *Campbell*, 466 So. 2d at 851 (Miss. 1984)).

The Plaintiff must present clear and convincing evidence to demonstrate to the trial court that there was no reasonably arguable basis for the manner in which USAA CIC paid the Plaintiff's claim. Miss. Code Ann. §11-1-65(1)(a). The Plaintiff asserts that there is at least a genuine issue of material fact as to whether USAA acted in bad faith in denying full and prompt payment of the Plaintiff's claim. That there is a genuine issue of material fact precludes the Plaintiff from being able to present clear and convincing evidence that USAA CIC's adjustment of the Plaintiff's claim was not arguably reasonable. The Plaintiff cannot meet her burden of demonstrating that there was no reasonably arguable basis for USAA CIC's actions.

## **CONCLUSION**

USAA CIC respectfully requests that the Court find as a matter of law that (1) the plaintiff is not entitled to further additional living expenses; (2) that the issue between the parties is a legitimate dispute over the amount of damage caused exclusively by wind, precluding an award of prejudgment interest; (3) that the plaintiff is not entitled to recover punitive damages or on any of her other extra-contractual claims; and (4) that USAA CIC has a right to continue to investigate the plaintiff's claim, including a right to request supplemental engineering opinions, and that USAA CIC is entitled to partial summary judgment as to each of the issues presented in this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant, USAA CIC, respectfully requests that an Order be entered consistent with the foregoing. Defendant would request any other relief to which it may be entitled to on the premises.

Respectfully submitted this the 7th day of December, 2009.

**USAA CASUALTY INSURANCE COMPANY**

By: /s/ Charles P. Copeland
ROBERT P. THOMPSON (MSB#8188)
CHARLES P. COPELAND (MSB#135240)

Of Counsel:

**COPELAND, COOK, TAYLOR AND BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.: (601) 856-7200
Facsimile No.: (601) 856-7626

**CERTIFICATE OF SERVICE**

      I, Charles P. Copeland, hereby certify that on December 7, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons, and if such persons are not registered to receive filings pursuant to the CM/ECF system, the foregoing document will be delivered by other means:

    Tina L. Nicholson, Esq.
    Merlin Law Group, PA
    Three Riverway, Suite 1375
    Houston, TX 77056
    tnicholson@merlinlawgroup.com

This the 7th day of December, 2009.

                                                           /s/Charles P. Copeland
                                                           Charles P. Copeland