IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HONORA HILLIER**                                                                               **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 1:08-cv-00671-LTS-RHW**

**USAA CASUALTY INSURANCE COMPANY**                             **DEFENDANT**

---

**USAA CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AFFIDAVITS OF GARY TAYLOR**

---

USAA Casualty Insurance Company ("USAA CIC") submits its opposition to Plaintiff's motion for partial summary judgment as follows.

### INTRODUCTION

In support of its Response to Plaintiff's Motion for Partial Summary Judgment, USAA Casualty Insurance Company ("USAA CIC") submitted two affidavits by Gary Taylor dated November 3, 2009 and November 30, 2009. The November 3 affidavit was originally attached to USAA CIC's Motion for Partial Summary Judgment, but re-used in support of its response to Plaintiff's Motion for Partial Summary Judgment to support some of the same facts.

Taylor is the general adjuster assigned to the Plaintiff's claim. The affidavits were made by Taylor based on his personal knowledge of facts that would be admissible in evidence. Federal Rule of Evidence 56(e) requires that an affidavit must (1) be made on personal knowledge, (2) set out facts that would be admissible in evidence, and (3) show that the affiant is competent to testify on the matters stated. The affidavits of Gary Taylor clearly meet these requirements.

**1. Taylor Clearly has Personal Knowledge of the Facts Set Forth in his Affidavits**

Taylor is USAA CIC's corporate representative working as a general adjuster handling the Plaintiff's claim. AS the corporate rep and general adjuster assigned to the claim, Taylor has available the claim file to which he can rely on. Taylor has personal knowledge by virtue of the claim file. As set forth in his affidavits, Mr. Taylor is the General Adjuster assigned to the Plaintiff's claim by USAA CIC. His affidavits are made based on his personal knowledge of the insurance policies issued to the Plaintiff by USA CIC, the subsequent handling of the claim for damages as a result of Hurricane Katrina, and the payments made to the Plaintiff under her insurance policies. *See* Affidavit of Gary Taylor, November 3, 2009, attached hereto as Exhibit "1;" and Affidavit of Gary Taylor, November 30, 2009, attached hereto as Exhibit "2." The Plaintiff has offered no evidence that Mr. Taylor does not have personal knowledge of the facts attested to in his affidavit.

Although Taylor's affidavits affirmatively state they are based on personal knowledge, an affidavit need not affirmatively state that it is based on personal knowledge to be admissible as summary judgment evidence; however, a court must be able to reasonably infer personal knowledge from the affiant's position and the nature of the his participation in the matters to which he swore. See *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir.2005). Even if Taylor's affirmative statement as to personal knowledge is not enough, this Court can easily infer personal knowledge from that fact that Taylor is the General Adjuster assigned to the Plaintiff's claim.

On June 15, 2009, the Plaintiff took Taylor's deposition individually and on behalf of USAA CIC as a 30(b)(6) corporate representative on certain topics.

```
p. 7
4    Q.   Hi.  I'm Tina Nicholson.  And would
5    you state your name for the record, please.
```

    6    A.    My name is Gary Taylor.
    7    Q.    And you are here to testify
    8  individually as well as on behalf of USAA on
    9  certain topics; is that correct?
   10    A.    That's correct.

Deposition of Gary Taylor, June 15, 2009, 7:4-10, attached hereto as Exhibit "3." Taylor testified that he had been handling this file since sometime around December 2006 as a General Adjuster and explained what that means.

  p. 8
    7    Q.    Okay.  Mr. Taylor, were you involved
    8  in this case, the Honora Hillier case, at all?
    9    A.    Yes.
   10    Q.    And in what capacity?
   11    A.    I began handling this file -- I
   12  believe it was in December of '06, somewhere in
   13  there, when it was set for the mediation program
   14  in Hattiesburg, Mississippi.
   15    Q.    What is your job with USAA, your job
   16  title?
   17    A.    I'm a general adjuster.
   18    Q.    And what does that mean?
   19    A.    In title, the general adjuster, or
   20  GA, as we refer to them, is the senior-most field
   21  position in the property department.  If you're
   22  out pounding the streets, it doesn't get any
   23  higher than a GA.

  p. 9

   10    Q.    Okay.  And how long have you worked
   11  for USAA?
   12    A.    I'm in my 22nd year.

  p. 10
    2    Q.  What do -- what do you do as a
    3  general adjuster?  I mean, what is your
    4  responsibilities toward any given claim, just
    5  generally?
    6    A.    Well, when one of our members has a

```
 7   loss that's escalated to that level, I'll be
 8   notified.  I'll make contact with them, explain to
 9   them what their coverages are under the policy,
10   what procedures I'm going to follow, and give them
11   some reasonable expectations on the life of this
12   claim.  I'll then go out, make an inspection, take
13   field notes, photographs, diagrams, prepare the
14   estimate, make payment for the damages, and, you
15   know, handle any little odds and ends or bumps in
16   the road that come up until the claim is settled.
```

Taylor Depo. at 8:7-23, 9:10-12, 10:2-16.

The Plaintiff, without citing any supporting authority, believes Taylor is required to further elaborate on his basis for personal knowledge and attach any documents reviewed or relied upon to his affidavit, something the rules do not require. Fed. R. Evid. 56(e) does require that if a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The only papers referred to in either of Taylor's affidavits are the four export reports received from HAAG Engineering and EFI Global all of which are attached to USAA CIC's Motion for Partial Summary Judgment and referenced thereto and sworn to be true and correct copies in Taylor's affidavit. While other documents or papers may have been reviewed or relied upon by Taylor in preparing his affidavit they are not referenced therein and pursuant to the rules are not required to be attached.

**2. The Facts in Taylor's Affidavits Would be Admissible in Evidence**

The facts in Taylor's affidavits are simple and straightforward. Taylor's November 3, 2009 affidavit references four engineering reports which were attached to USAA CIC's Motion for Partial Summary judgment along with Taylor's affidavit. As indicated by Taylor, those reports were received and kept by USAA CIC in the ordinary course of its investigation and adjustment of

Plaintiff's claim, and as part of USAA CIC's regularly conducted business activity. As such, the reports are records of regularly conducted activity, and fall within an exception to the hearsay rule.

Fed. R. Evid. 803(6) provides an exception to the hearsay rule for memorandums, reports, records, or data compilation, in any form, of acts, conditions, opinions, or diagnoses (1) made "at or near" the time of the matters recorded therein; (2) prepared by, or from information transmitted by, a person "with knowledge" of the matters recorded; (3) that the person or persons who prepared the document have been engaged, in preparing it, in some undertaking, enterprise or business which can fairly be termed a "regularly conducted business activity;" (4) that it have been the "regular practice" of that business activity to make documents of that nature; and (5), that the document have been retained and kept "in the course of" that or some other "regularly conducted business activity." *See generally* 4 Weinstein and Berger, Weinstein's Evidence 803-174 to 803-212 (1984).

The engineering reports where made at or near the time of the engineer's investigations, where prepared by the engineers retained by USAA CIC to investigate or evaluate the cause of damage, the persons who prepared the documents where engaged by USAA CIC in a regularly conducted business activity (causation determination for the purpose of claims adjusting), it is the regular practice of engineering firms to prepare causation reports, and the reports have been retained and kept by USAA CIC in the course of its regularly conducted business activity of adjusting claims.

Further, the purpose of Taylor's affidavit is to prove that USAA CIC received and relied upon the reports during the course and scope of the adjustment of Plaintiff's claim. Fed. R. Evid. 802 defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. The reports are not offered to prove the truth of the matter asserted therein, but to prove that USAA CIC received the reports and

relied upon them during the course and scope of adjusting the Plaintiff's claim and had a reasonable basis for making its claims decisions.

Taylor's November 3, 2009 affidavit also identifies and lists the payments made to the Plaintiff under her various insurance policies. As discussed *Supra*, Taylor has personal knowledge of these facts based on his review of the business records maintained by USAA CIC. The amounts and dates of the payments including copies of checks endorsed by the Plaintiff have been produced during discovery, and the Plaintiff does not deny receipt of the payments. Furthermore, the amount of insurance payments received by the Plaintiff undoubtedly constitute admissible evidence. Undoubtedly, Taylor reviewed USAA CIC records to determine the amounts and dates of the seventeen separate payments made to the Plaintiff. Simply because Taylor relied upon other documents to determine the amount and dates of the payments does not mean the information is beyond his sphere of personal knowledge. Taylor's testimony as to the payments is clearly not hearsay and constituted evidence that would be admissible at trial.

Taylor's November 30, 2009 affidavit states that USAA GIC issued policy limits payments under the Plaintiff's flood insurance policies based on a Replacement Cost Value determined by USAA GIC's adjusters. Again, Taylor undoubtedly reviewed records in the claim file to determine the replacement cost values. Simply because Taylor relied upon other documents to does not mean the information is beyond his sphere of personal knowledge as the general adjuster assigned to the Plaintiff's claim.

**3. Taylor is Clearly Competent to Testify on the Matters Stated in his Affidavits**

The Plaintiff has not questioned Taylor's competence since it is clear that Taylor is competent pursuant to Fed. R. Evid. 601 to testify on the matters stated in his affidavits.

**CONCLUSION**

Because Taylor's testimony is made based on his personal knowledge of facts that would be admissible in evidence, and he is undisputedly competent to testify, the affidavits made by Taylor and dated November 3, 2009 and November 30, 2009 should not be struck as requested by the Plaintiff. USAA CIC respectfully requests that Plaintiff's Motion to Strike the Affidavits of Gary Taylor be denied.

RESPECTFULLY SUBMITTED, this, the 21st day of December, 2009.

By: /s/ Charles P. Copeland
Robert P. Thompson (MSB# 8188)
Charles P. Copeland (MSB# 135240)

Of Counsel:

COPELAND, COOK, TAYLOR AND BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone No.: (601) 856-7200
Facsimile No.: (601) 856-7626

**CERTIFICATE OF SERVICE**

      I, Charles P. Copeland, hereby certify that on December 21, 2009, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons, and if such persons are not registered to receive filings pursuant to the CM/ECF system, the foregoing document will be delivered by other means:

> Tina L. Nicholson, Esq.
> Merlin Law Group, PA
> Three Riverway, Suite 1375
> Houston, TX 77056
> tnicholson@merlinlawgroup.com

      This the 21st day of December, 2009.

      /s/Charles P. Copeland
      Charles P. Copeland (MSB #102774)